## JOHN BALDWIN v. J. M. H. McMILLAN.

No judge is qualified to sit in a case in which he may have an interest, when he is, in any of the degrees prescribed by law, related to any of the parties, or when he has been of counsel in the case.

*Practice.*—See opinion for a novel case stated. Under our system, no appeal lies from the justice's to the district court, and the proper and only course to have been pursued in this case, was, after judgment in the justice's court, to have taken the appeal regularly to the county court. If, after reaching that court, it was found that the judge was disqualified, the law permits the transfer of the case to the district court, upon proper motion by either party.

A law of this State having gone into effect, it is binding upon all parties, whether they have ever seen it or not.

Appeal from the County Court of Wood. The opinion sufficiently discloses the case.

Hart & Buchanan for appellant; Giles & Crow for appellee.

Opinion by Winkler, J.—This suit was commenced by the appellant (plaintiff) against the appellee (defendant) in the District Court of Wood county, and was there pending at the time of the adoption of the present Constitution, and when the acts of the Fifteenth Legislature, providing for the organization of county courts and courts of justices of the peace, under and in pursuance of the Constitution, were enacted by the Fifteenth Legislature, and under the provisions of an act of that session of the Legislature was transferred from the district court to a justice of the peace for trial. (See act of May 9, 1876, General Laws, Fifteenth Legislature, page 4.)

It appears from the transcript that after the case reached the justice of the peace it was twice continued by consent, and was finally tried by jury. in the justice's court on the ninth day of November, 1876, trial resulting in a verdict and judgment for the defendant,. the appellee here.

The transcript from the justice's court, after setting out the judgment and ordering execution, proceeds as follows:

"Plaintiff moves for a new trial, which is overruled by the court, whereupon, in open court, plaintiff gives notice of appeal to the District Court of Wood county, the judge of the County Court of Wood county being disqualified from trying said cause on appeal, by reason of having been of counsel in said cause." Dated and signed by the justice of the peace. The appellant shows by his petition, as hereinafter more particularly noticed, that the case was taken by appeal to the District Court of Wood county, which appeal was by the district court dismissed. The appellant then sought to remove the case from the justice's court to the county court by certiorari.

We deem it necessary to notice now the petition for certiorari, in which it is attempted to give a reason for failing to appeal, which is set out in the petition as follows:

"Petitioner avers that he immediately made a motion for a new trial, which was by the court overruled; that the county judge of Wood county had been of counsel in said cause, while it had been pending in the district court, as aforesaid, and the laws which at that time had been passed by the late Legislature regulating appeals from justices' courts, had not been received, nor were they known to any one in Quitman, Wood county, Texas, at the time of said trial; and that believing that his right of appeal in said cause

lay to the District Court of Wood county, petitioner, in open court, gave notice of appeal, and filed his appeal bond and perfected his appeal to the district court of said county within ten days after the rendition of said judgment; that at the December term, A. D. 1876, of said district court, it was decided by the judge thereof that said court had no jurisdiction to try a cause brought there by appeal from a justice's court, whereupon said cause was dismissed; that said cause was dismissed, as aforesaid, too late for petitioner to perfect an appeal to the County Court of said Wood county within the time prescribed by law."

A certiorari was amended and the case was in that manner removed to the county court, where the case was dismissed, on motion of the defendant (appellee). From the judgment of the county court dismissing the case an appeal is taken to this court, and a reversal is sought on the following assignment of errors:

1. The court erred in sustaining the motion made by the defendant to dismiss said cause, because the court had no authority to try said cause, and had no authority to grant the writ of certiorari in said cause, on account of being disqualified by reason of having been of counsel in the same.

2. The court erred in refusing to grant plaintiff's motion to remove said cause from the County Court of Wood county, Texas, to the district court of said county and State.

We are of opinion that the county judge, having been of counsel in the case, was disqualified from granting the writ of certiorari. He was disqualified to try the case. By section 11 article V. of the Constitution it is declared that "No judge shall sit in any case wherein he may be interested, or where either party may be connected with him by affinity or consanguinity, within such degree as may be prescribed by law, or when he shall have been counsel in the case."

The insurmountable difficulty in the way of the appellant is that he shows no sufficient reason for not taking an appeal from the justice's court to the county court in the first instance, and within the time prescribed by the statute. The fact of his having appealed to the district court was the same as no appeal, it not being allowed by law. If the appeal had been properly taken to the district court, and improperly dismissed, the remedy would have been to appeal from the judgment of dismissal; but in this case, an appeal to the district court was unwarranted. Nor was the condition of

the party bettered in any way by the fact that the county judge having been of counsel in the case, or by the statement of that fact in the notice of appeal. The proper practice in such state of case would be to take the appeal in the manner prescribed by the statute to the county court, without reference to whether the county judge was competent to try the case or not; and should it appear, after the appeal had been perfected to the proper court, that the judge was disqualified from trying the cause, then the statute lays down the remedy by permitting either party, by motion entered of record in the county court, to have the case transferred to the district court for adjudication. (See Acts Fifteenth Legislature, p. 19, sec. 6.) The party cast in the justice's court could not legally anticipate that when he had perfected his appeal to the proper tribunal he would there be met by a judge who was not legally qualified to hear the case. The attempted excuse for not taking an appeal to the proper court in the first instance, as set out in the petition for certiorari, and copied above, is, in law, no excuse. The statute regulating appeals to the county court from the decisions of courts of justices of the peace was in full force at the time and before the trial in the justice's court, and all parties were bound by its provisions, whether they had ever seen the law or not. The act relating to the subject went into effect June 16, 1876.

Under the circumstances of this case, the county court could not have done otherwise than dismiss the case. If the case had, at the time it was dismissed, been transferred to the district court, as was asked by the appellant, his condition would not have been bettered in the least, for the reason that the district court would have been compelled to dismiss it on the ground of the disqualification of the county judge to grant the certiorari, and on the other ground that the petition for certiorari showed no legal excuse for failing to appeal.

The judgment of the county court dismissing this case is affirmed.